09-47640

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re: **Barry Gilbert Patton**
**Carmen Ernestina Patton**

Case No.

**CHAPTER 13 PLAN**

Debtor(s).

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of $ __**222.00**__ each month for __**60**__ months.
   Debtor(s) elect a voluntary wage order. _____.

2. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:
   (a) On allowed claims for expenses of administration required by 11 USC §507.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| §506 | Non §506 | Name | Value of Collateral | Claim Amount | Pre-confirmation Adequate Protection | Post confirmation Payments | Estimated Mortgage Arrears | Interest Rate (If Specified) |
|------|----------|------|---------------------|--------------|--------------------------------------|----------------------------|----------------------------|------------------------------|
| ☒ | ☐ | Wachovia Dealer Services | 5,000.00 | 10,200.00 | 50.00 | 50.00 | | 8.00 |
| | | Chase Home Finance | 330,000.00 | | | | 3,250.00 | |

With respect to secured claims per §506, valuation stated shall bind unless a timely objection to confirmation is filed. With respect to non §506 secured claims as referenced in §1325, the claim, to the extent allowed, shall control. If an interest rate is not specified, 5/6% per month (10% per annum) will be paid. A secured creditor shall retain its lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section §1328.

   (c) On allowed priority unsecured claims in the order prescribed by 11 USC § 507. Priority claims shall be paid in full except to the extent allowed otherwise under 11 U.S.C. § 1322(a)(4).
   (d) On allowed general unsecured claims the debtor(s) underline(s) the general unsecured claims will be paid __**Pro Tanto**__ %.

3. The following executory contracts are rejected. The debtor(s) waive the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).
   **-NONE-**

4. The debtor(s) will pay directly the following fully secured creditors and lessors:
   | Name | Monthly Payment |
   |------|-----------------|
   | **Chase Home Finance** | **2,750.00** |
   | **Wachovia Dealer Services** | **403.00** |

5. The date this case was confirmed will be the effective date of the plan.

6. The debtor(s) elect to have property of the estate revest in the debtor(s) upon plan confirmation. Once the property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose pursuant to 11 USC § 1322(b): (1) The 2008 Dodge Ram obligation shall be paid directly to Wachovia. (2) In the event a secured creditor obtains relief from stay, that creditor's claim shall be classified as an unsecured claim from and after the date creditor recovers possession.

Dated: August 19, 2009     /s/ Barry Gilbert Patton     /s/ Carmen Ernestina Patton
                              (Debtor)                      (Debtor)

I/We __**Patrick L. Forte 80050**__ am/are legal counsel for the above named debtors(s) and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this N.D. Cal., Oakland Division Model Chapter 13 Plan (October 2005), promulgated pursuant to B.L.R. 1007-1.

                                           /s/ Patrick L. Forte
                                         Attorney for Debtor(s)

N.D. Cal., Oakland Division Model Chapter 13 Plan          Page 1 of 1
Rev. 10/17/2005

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                        Best Case Bankruptcy

Case: 09-47640   Doc# 2   Filed: 08/19/09   Entered: 08/19/09 12:13:55   Page 1 of 1